UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FATIMA MUHAMMAD,

    Plaintiff,

v.                                                    CASE NO. 8:14-cv-1005-T-23MAP

JUDGE TIMMERMAN, *et al.*,

    Defendants.
_____/

## **O R D E R**

Muhammad, *pro se*, attempts to pursue an action on behalf of his daughter in a paper entitled, "This is a Complaint and Petition for 'Writ of Mandamus.'" (Doc. 1) Muhammad alleges that the state trial judge and the state prosecutor violated his daughter's rights by convicting her even though she is innocent. The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Although his complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), Muhammad cannot pursue this action on behalf of his daughter.

Generally, a plaintiff may not sue on behalf of a third party, *see Warth v. Seldin*, 422 U.S. 490, 499 (1975), except that Rule 17(c), Federal Rules of Civil Procedure, provides that a "next friend" may commence an action on behalf of an incompetent person who does not have a duly appointed representative. Next friend standing is not granted automatically to whoever seeks to pursue an action on behalf of another. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). First, the next friend must provide an explanation – such as mental incompetence or disability – to show why the real party in interest cannot appear on his own behalf. *Id.* at 163. Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate. *Id.* at 163-64. Muhammad fails to meet the first requirement because he fails to show that his daughter cannot represent her own interest. As a consequence, Muhammad cannot pursue this action on behalf of his daughter.

Additionally, Muhammad cannot obtain mandamus relief. A federal court lacks jurisdiction to issue a writ of mandamus to order a state agency, a state court, or a state's judicial employees to perform a duty. *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971).[1] *See also Campbell v. Gersten*, 394 Fed. App'x 654 (11th Cir. 2010) ("The district court also lacked authority to issue a writ of mandamus to compel the state court and its officers to reinstate his motions to vacate and consider those motions on the merits.") (*citing Lamar v. 118th Judicial Dist. Court*,

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

440 F.2d at 384); *Lawrence v. Miami-Dade County State Att'y Office*, 272 Fed. App'x 781, 781 (11th Cir. 2008)[2] ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."); *Bailey v. Silberman*, 226 Fed. App'x 922, 924 (11th Cir. 2007) ("Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought.").

This action for a writ of mandamus erroneously attempts to challenge the validity of a state court conviction. Relief is available only in an application for the writ of habeas corpus under 28 U.S.C. § 2254. Before proceeding under Section 2254, a petitioner must present each claim to a state court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995), *quoting Picard v. Connor*, 404 U.S. 270, 275 (1971). *Accord Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), and *Upshaw v. Singletary*, 70 F.3d 576,

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated."). Muhammad fails to show that the conviction was challenged on either direct appeal or in a motion for post-conviction relief.

Accordingly, the request for a writ of mandamus (Doc. 1) is **DISMISSED**. The clerk must close this case.

ORDERED in Tampa, Florida, on May 13, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE